## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC,

    Plaintiff,

v.

ATLANTIC TRUST MORTGAGE CORPORATION,

    Defendant.

Case No. 2:24-cv-10216
Hon. Terrence G. Berg
Chief Mag. J. David R. Grand

_____/

**DEFENDANT, ATLANTIC TRUST MORTGAGE CORPORATION'S, MOTION TO DISMISS COMPLAINT [ECF NO. 1] PURSUANT TO <u>FED. R. CIV. P. 12(b)(6)</u>**

Defendant, Atlantic Trust Mortgage Corporation, by and through its attorneys, Morganroth & Morganroth, PLLC, hereby moves to dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(6) based upon the facts, authority and arguments set forth in the accompanying Brief.

Counsel for Defendant certifies that Jason R. Hirsch communicated with Plaintiff's counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief requested in the instant Motion in accordance with Local Rule 7.1(a). Plaintiff's counsel did not provide concurrence.

WHEREFORE, Defendant respectfully requests that this Court GRANT the Motion in its entirety and dismiss Plaintiff's Complaint with prejudice.

                                    Respectfully submitted,

                                    MORGANROTH & MORGANROTH, PLLC

By: /s/ Jeffrey B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON HIRSCH (P58034)
Attorneys for Defendant
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
Dated: March 15, 2024    jhirsch@morganrothlaw.com

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE, LLC,

    Plaintiff,

v.

ATLANTIC TRUST MORTGAGE CORPORATION,

    Defendant.

Case No. 2:24-cv-10216
Hon. Terrence G. Berg
Chief Mag. J. David R. Grand

_____/

**DEFENDANT, ATLANTIC TRUST MORTGAGE CORPORATION'S, BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT [ECF NO. 1] PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# **TABLE OF CONTENTS**

**Page**

INDEX OF AUTHORITIES ................................................................................... ii

STATEMENT OF ISSUES PRESENTED ............................................................ iii

STATEMENT OF FACTS ...................................................................................... 1

ARGUMENT ........................................................................................................... 4

   I.   Standard of Review ....................................................................................... 4

   II.  UWM Has Failed to State A Claim Upon Which Relief May Be Granted Because the Claim Relies Upon the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement Which Is Unenforceable as a Matter of Law ......... 5

CONCLUSION ...................................................................................................... 11

CERTIFICATE OF SERVICE .............................................................................. 12

i

# **INDEX OF AUTHORITIES**

**Cases:**                                                                                             **Page(s):**

*Adell Broad. Corp. v. Apex Media Sales, Inc.*,
    269 Mich. App. 6; 708 N.W.2d 778 (2005) ......................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009) ................................4

*Association of Cleveland Fire Fighters v. City of Cleveland*,
    502 F.3d 545 (6th Cir. 2007) ............................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007) ............................4, 5

*Carter v. Target Corp.*,
    541 Fed. App'x 413 (5th Cir. 2013) ..................................................................9

*Dugan v. State Farm Mut. Auto. Ins. Co.,*
    845 F.Supp.2d 803 (E.D. Mich. 2012) .............................................................4

*Holland v. Trinity Health Care Corp.*,
    287 Mich.App. 524; 791 N.W.2d 724 (2010) ..................................................7

*Woodington v. Shokoohi*,
    288 Mich.App. 352; 792 N.W.2d 63 (2010) ....................................................6

**Rules:**

Mich. Comp. Laws Serv. § 566.1 .....................................................................8, 10

Fed. R. Civ. P. 12(b)(6) ..........................................................................................4

## **STATEMENT OF ISSUES PRESENTED**

I. Whether Plaintiff, United Wholesale Mortgage, LLC, has failed to state a claim for which relief may be granted against Defendant, Atlantic Trust Mortgage Corporation, where:

   a. The purported incomplete and unsigned amendment to the 2018 Wholesale Broker Agreement upon which Plaintiff bases its claim was never executed by the Parties at all; and

   b. The existing 2018 Wholesale Broker Agreement between the Parties may only be amended pursuant to a writing executed by the Parties.

   Defendant Answers:   Yes

   Plaintiff Answers:   No

**STATEMENT OF FACTS**

On January 26, 2024, Plaintiff, United Wholesale Mortgage, LLC ("UWM"), filed its Complaint against Defendant, Atlantic Trust Mortgage Corporation ("Atlantic Trust").[1] ECF No. 1. In its Complaint, UWM alleges that it is a wholesale mortgage lender which works with correspondent lenders who UWM refers to as "Broker Partners." *Id*. at PageID.3, ¶ 7. UWM alleges that its Broker Partners communicate directly with borrowers to originate mortgage loans. *Id*. at ¶ 8.

Specifically, UWM alleges that Atlantic Trust is an independent mortgage broker that entered into a Wholesale Broker Agreement with UWM in January 2018 (the "2018 Wholesale Broker Agreement"). *Id*. at ¶¶ 11, 13. UWM has attached the 2018 Wholesale Broker Agreement as Exhibit A to its Complaint. ECF No. 1-1. UWM does *not* allege that the 2018 Wholesale Broker Agreement prohibited Atlantic Trust from submitting mortgage loans to any wholesale mortgage lender of Atlantic Trust's choice and confirms that Atlantic Trust had no

---

[1] Many of the purported facts alleged in the Complaint are false, inaccurate and/or misleading. Because this Motion is brought pursuant to Fed. R. Civ. P. 12(b)(6), Atlantic Trust will not address the falsity, inaccuracies and misleading nature of the allegations in the Complaint at this time and acknowledges that the Court must accept any well-pled factual allegations contained in the Complaint as true for the purposes of this Motion only.

1

obligation to submit any mortgage loans to UWM at all pursuant to the Wholesale Broker Agreement. See e.g., ECF No. 1, PagID.4 at ¶ 15.

On March 4, 2021, UWM announced its "All-In Initiative" (the "Ultimatum"). ECF No. 1, PageID.5 at ¶ 18. As part of the Ultimatum, UWM announced that it had decided to end its business relationship with any Broker Partners who chose to continue originating loans with two specific retail lenders (Rocket Mortgage and Fairway Independent Mortgage), who are major direct competitors of UWM in the wholesale mortgage market. *Id*.

UWM alleges that, in December 2022, Atlantic Trust "agreed to the most recent iteration of the 'All-In Addendum,'" which UWM alleges was contained in an unsigned and incomplete "amendment" to the 2018 Wholesale Broker Agreement attached as Exhibit B to UWM's Complaint (the "2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement").[2] ECF No. 1 at ¶¶ 13, 19; ECF No. 1-2. UWM alleges that, pursuant to the "All-In" provision, which is present only in the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement, Atlantic Trust somehow agreed that it would not submit loans to Rocket Mortgage and

---

[2] In Paragraph 13 of its Complaint, UWM alleges that the Parties agreed to the purported "amendment" in *2021*, but this is directly contradicted in Paragraph 19 of UWM's Complaint alleging that the Parties agreed to the purported "amendment" in *December 2022*. Cf. *Id*. at PageID.4 at ¶ 13 (alleging the parties agreed to the purported "amendment" in 2021) and PageID.4 at ¶ 19 (alleging that the Parties agreed to the purported "amendment" in December 2022).

2

Fairway Independent Mortgage, UWM's major direct competitors in the wholesale mortgage market. ECF No. 1, PageID.6 at ¶ 20. UWM alleges that the submission of loans to its major direct competitors (Rocket Mortgage and Fairway Independent Mortgage) would constitute a breach of the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement and thereby subject Atlantic Trust to onerous liquidated damages. *Id*., PageID.6-7 at ¶¶ 20-26.

UWM alleges that Atlantic Trust submitted "at least 71 mortgage loans" to UWM's excluded direct competitors, which UWM alleges is a breach of the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement. *Id*., PageID.6 and 8 at ¶¶ 22, 31, 32.

UWM alleges a single claim for breach of contract in its Complaint based solely upon Atlantic Trust's alleged breach of the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement. *Id*., PageID. 8. UWM's Complaint should be dismissed with prejudice as a matter of law because the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement which UWM claims was breached and which is attached as Exhibit B to UWM's Complaint [ECF No. 1-2], was never completed nor executed by the Parties and therefore is unenforceable on its face.

# ARGUMENT

I. **Standard of Review**.

A motion brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. "In deciding a motion under Rule 12(b)(6), the court must construe the complaint in favor of the plaintiff, accept the factual allegations as true, and determine whether the allegations present plausible claims … The pleading must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Dugan v. State Farm Mut. Auto. Ins. Co.,* 845 F.Supp.2d 803, 805 (E.D. Mich. 2012), citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556; 127 S.Ct. 1955; 167 L.Ed.2d 929 (2007). "'Factual allegations must be enough to raise a right to relief above the speculative level[.]'" *Association of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007), citing *Twombly,* 550 U.S. at 544.

"The court should first identify any conclusory allegations and bare assertions that are not entitled to an assumption of truth, then consider the factual allegations that are entitled to a presumption of truth and determine if they plausibly suggest entitlement to relief." *Dugan,* 845 F. Supp. 2d at 805, citing *Ashcroft v. Iqbal,* 556 U.S. 662, 684; 129 S.Ct. 1937; 173 L.Ed.2d 868 (2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

4

suffice. *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (internal quotation marks and citation omitted).

Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal citation omitted). If the factual allegations are not "enough to raise a right to relief above the speculative level," the court should grant the motion. *Twombly*, 550 U.S. at 555.

**II.     UWM Has Failed to State A Claim Upon Which Relief May Be Granted Because the Claim Relies Upon the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement Which Is Unenforceable as a Matter of Law.**

UWM's single claim for breach of contract is premised upon its allegation that the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement, which UWM alleges is an "amendment" to the 2018 Wholesale Broker Agreement, is enforceable.

5

First, an unsigned amendment is prohibited by Section 7.01 of the 2018 Wholesale Broker Agreement. Specifically, Section 7.01 of the 2018 Wholesale Broker Agreement states:

> **7.01. Amendment of Agreement**. Except as set forth on [sic] Section 7.08,[3] this Agreement may *not* be amended except *in writing executed*

---

[3] Section 7.08 of the 2018 Wholesale Broker Agreement states:

> **7.08. UWM Amendments & Website.** This Agreement, and *UWM's policies, procedures, requirements and instructions concerning Mortgage Loan Applications and Mortgage Loans*, including but not limited to those contained in the UWM Guide, may be amended by UWM from time to time, and UWM will endeavor to provide broker with prompt notice thereof, which may occur by posting any such amendments on UWM's website, which Broker is required to regularly check and monitor as a condition of this Agreement. Broker agrees that the submission of any Mortgage Loan Applications or Mortgage Loans to UWM after such amendment shall be Broker's agreement to the amendment without further signature or consent of any kind. Any such amendment *shall apply to pending, and/or future Mortgage Loan Applications* submitted by Broker. ECF No. 1-1, PageID.18 at § 7.08 (italics added).

Thus, Section 7.08's *limited* exception to Section 7.01's requirement that any modification to the 2018 Wholesale Broker Agreement must be in a writing executed by both parties *applies only to amendments concerning Mortgage Loan Applications and Mortgage Loans submitted to UWM*, *not* the general terms of the agreement between UWM and Atlantic Trust. *Id*. In fact, Section 7.08 cannot, as a matter of law, be read to apply to all amendments to the 2018 Wholesale Broker Agreement because every word, phrase, and clause in a contract must be given effect, and a contract interpretation that would render *any* part of the contract surplusage or nugatory must be avoided. *Woodington v. Shokoohi*, 288 Mich.App. 352, 374; 792 N.W.2d 63 (2010). Applying Section 7.08 to *every* type of amendment to the 2018 Wholesale Broker Agreement would completely gut Section 7.01 and render Section 7.01 as mere surplusage, which would be a legally impermissible reading of the 2018 Wholesale Broker Agreement.

6

> *by authorized representatives of both Broker and UWM*. ECF No. 1-1, PageId.18 at § 7.01 (italics and footnote added).

Thus, pursuant to Section 7.01 of the 2018 Wholesale Broker Agreement, an "amendment" of the 2018 Wholesale Broker Agreement itself is valid *if and only if* it is "in writing executed by authorized representatives of both Broker [Atlantic Trust] and UWM." ECF No. 1-1, PageID.18 at § 7.01. Clear and unambiguous contract language must be enforced as written. *Holland v. Trinity Health Care Corp.*, 287 Mich.App. 524, 527; 791 N.W.2d 724 (2010).

The purported "amendment" to the 2018 Wholesale Broker Agreement attached by UWM as Exhibit B to its Complaint is undisputedly *not* signed by either Party and UWM does not even *allege* that the purported "amendment" was ever signed. ECF No. 1-2, PageID.41 (2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement); ECF No. 1 at ¶ 13 (UWM vaguely alleges that the parties "agreed" to the purported "amendment"). Thus, because UWM does not even allege that Atlantic Trust ever agreed to the purported "amendment" in a signed writing, as required by the clear and unambiguous terms of Section 7.01 of the 2018 Wholesale Broker Agreement, and the document attached to the Complaint by UWM which purports to be the "amendment" is undisputedly not signed, the purported "amendment" is unenforceable and could not have modified the 2018 Wholesale Broker Agreement. ECF No. 1-1, PageID.18 at § 7.01.

Second, no additional consideration was provided for the purported

7

"amendment" of the 2018 Wholesale Broker Agreement and therefore it is void as a matter of law pursuant to Mich. Comp. Laws Serv. § 566.1. Specifically, although Mich. Comp. Laws Serv. § 566.1 permits amendments to contracts without additional consideration,[4] an amendment made *without* additional consideration is valid *only* where the amendment is *memorialized in a signed writing*. Mich. Comp. Laws Serv. § 566.1 states:

> An agreement hereafter made to change or modify, or to discharge in whole or in part, any contract, obligation, or lease, or any mortgage or other security interest in personal or real property, shall not be invalid because of the absence of consideration: Provided, That the agreement changing, modifying, or discharging such contract, obligation, lease, mortgage or security interest shall not be valid or binding *unless it shall be in writing and signed by the party against whom it is sought to enforce the change*, modification, or discharge. (emphasis added).

The Michigan Court of Appeals has held that Section 566.1 applies to *all types* of contracts. In *Adell Broad. Corp. v. Apex Media Sales, Inc.*, 269 Mich. App. 6, 10; 708 N.W.2d 778, 781 (2005), the Michigan Court of Appeals held:

> Defendants argue that MCL 566.1 only applies to contracts involving real or personal property. *We disagree*. It is a common grammatical rule of construction that *a modifying clause will be construed to modify only the last antecedent* unless some language in the statute requires a different interpretation. MCL 566.1 addresses the amendment, modification, or discharge of several different legal documents, the last of which is "any mortgage or other security

---

[4] UWM does *not* allege that it provided any additional consideration for the purported "amendment" and clearly did not do so pursuant to the terms of the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement.

8

> interest in personal or real property." The phrase "in personal or real property" grammatically modifies "mortgage or other security interest." *It would be contrary to the plain meaning of the statute and rules of statutory construction to read the modifying phrase "in personal or real property" to modify "any contract, obligation or lease."* (emphasis added, internal citation omitted).

Third, the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement clearly contemplates that it would *not* become effective unless and until it is executed by the Parties. Specifically, the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement contains signature blocks for both Parties and Section 7.19 of the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement acknowledges that it could be executed in counterparts or via electronic signature. ECF No. 1-2, PageID.41 (blank signature blocks), PageID.38 at § 7.19. But the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement is not signed at all, electronically or otherwise. Tellingly, UWM cannot and does not even allege that it has a signed copy of the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement. Instead, UWM merely vaguely alleges that "The Wholesale Broker Agreement was subsequently amended and agreed to by the parties in 2021," while citing to the *2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement*. ECF No. 1, PageID.4 at ¶ 13; ECF No. 1-2. This Court is not obligated to accept the plaintiff's allegations as true where, as here, they are *contradicted* by a document attached to the Complaint. See e.g., *Carter v. Target Corp.*, 541 Fed. App'x 413, 417 (5th Cir. 2013) (refusing to accept as true

9

factual allegations that were contradicted by the plaintiff's EEOC charging documents, which the defendant had attached to its motion to dismiss).

Here, Plaintiff's bald, conclusory allegation that the Parties somehow "agreed" to the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement as a complete and total replacement for the 2018 Wholesale Broker Agreement in some unidentified manner is entirely implausible as a matter of law. *Dugan*, 845 F.Supp.2d at 805 (allegations must, at a minimum, present legally plausible claims). Indeed, such an assertion is entirely belied by the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement, which UWM attaches to its Complaint, and which, on its face, confirms that the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement was never signed by the Parties even though it expressly contemplates execution by way of the Parties affixing their authorized signatures. ECF No. 1-2, PageID.41 (blank signature block), PageID.38 at § 7.19 (identifying the acceptable methods for executing the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement).

The unsigned "amendment" is void because: (1) it does not comply with Section 7.01 of the 2018 Wholesale Broker Agreement; (2) UWM never provided any additional consideration for the purported "amendment" which is required pursuant to Mich. Comp. Laws Serv. § 566.1; and (3) the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement on its face confirms that it

10

is not effective unless and until it is signed by the Parties. Because the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement is not signed, UWM's claim for breach of the 2022 Unsigned Amendment to the 2018 Wholesale Broker Agreement fails as a matter of law and should be dismissed with prejudice.

## CONCLUSION

For all of the foregoing reasons, Atlantic Trust respectfully requests that this Court GRANT the instant Motion and dismiss the Complaint with prejudice.

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Jeffrey B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON HIRSCH (P58034)
Attorneys for Defendant
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
jhirsch@morganrothlaw.com

Dated: March 15, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification of such filing to all counsel of record.

        MORGANROTH & MORGANROTH, PLLC

        By: /s/ Jason R. Hirsch
        JEFFREY B. MORGANROTH (P41670)
        JASON HIRSCH (P58034)
        Attorneys for Defendant
        344 N. Old Woodward Ave., Suite 200
        Birmingham, MI 48009
        (248) 864-4000
        Email: jhirsch@morganrothlaw.com