## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED WHOLESALE MORTGAGE,
LLC,

     Plaintiff,

v.

ATLANTIC    TRUST    MORTGAGE
CORPORATION,

     Defendant.

Case No. 2:24-cv-10216
Hon. Terrence G. Berg
Chief Mag. J. David R. Grand

_____/

## DEFENDANT, ATLANTIC TRUST MORTGAGE CORPORATION'S, REPLY BRIEF IN FURTHER SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT [ECF NO. 13] PURSUANT TO FED. R. CIV. P. 12(b)(6) [ECF NO. 15]

## <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

INDEX OF AUTHORITIES ..................................................................................... ii

ARGUMENT ...........................................................................................................1

   I.   The Unsigned Amendment is Invalid Under § 7.01 .......................................1

   II.  The Unsigned Amendment is Invalid Under § 7.08 ......................................4

   III. The Unsigned Amendment is Invalid Under Mich Comp. Laws § 566.1 .......6

   IV. There was No Mutual Assent to the Unsigned Amendment. .........................6

CERTIFICATE OF SERVICE ................................................................................8

# <u>INDEX OF AUTHORITIES</u>

<u>**Cases:**</u>                                                                          <u>**Page(s):**</u>

*Adell Broad. Corp. v. Apex Media Sales, Inc.*,
   269 Mich. App. 6; 708 N.W.2d 778 (2005) ......................................................6

*Board of Washtenaw Cty. Rd. Comm'rs v. Lincoln Consol. Sch. Dist.*,
   2013 Mich. App. LEXIS 1519 (Sep. 19, 2013)...............................................2

*Pepperman v. Auto Club of Michigan Ins. Group*,
   181 Mich App 519; 450 NW2d 66 (1989) ......................................................1

*Quality Products & Concepts Co. v. Nagel Precision, Inc.*,
   469 Mich. 362; 666 NW2d 251 (2003) ..........................................................4

*Reed Estate v. Reed*,
   293 Mich. App. 168; 810 N.W.2d 284 (2011) ...............................................3

## <u>Other Authorities</u>

17 Am Jur 2d, Contracts, § 119 ...................................................................................6

Mich. Comp. Laws § 566.1...........................................................................................6

## ARGUMENT

### I.      The Unsigned Amendment is Invalid Under § 7.01.

First, UWM does not contend that the Unsigned Amendment was entered into in accord with the requirements of § 7.01 of the 2018 Agreement[1] and concedes that the Unsigned Amendment is not signed at all.[2] Rather, UWM contends that § 7.01 permits UWM to unilaterally amend the 2018 Agreement without a signed writing pursuant to § 7.08.[3] Although § 7.08 permits certain types of amendments without a signed writing, it does not permit the type of amendments at issue here as fully addressed in Atlantic Trust's initial Brief. In fact, the "amendments" unilaterally implemented by UWM are not even "amendments" at all but rather

---

[1] UWM has not plausibly alleged that the Unsigned Amendment was approved in the manner required by § 7.01 (which requires any modification to be approved by "authorized representatives") because UWM does not allege who approved the purported amendment at all. ECF No. 13, PageID.86-87 at ¶ 40 (UWM generically alleges that "Atlantic Trust approved the renewal[.]"); ECF No. 13-1, PageID.99 at § 7.01. Where a contract requires that modifications be approved and signed by a specific officer or official, such provision precludes non-written modifications regardless of conduct. *Pepperman v. Auto Club of Michigan Ins. Group*, 181 Mich App 519, 521-522; 450 NW2d 66 (1989).

[2] UWM claims that Atlantic Trust is arguing that a "wet-ink" signature is required. ECF No. 16, PageID.196-197. In fact, Atlantic Trust merely argues that UWM must at least allege that the amendment was signed in some manner.

[3] UWM claims that Atlantic Trust "appears" not to dispute the claim of breach. ECF No.16, PageID.190. But Atlantic Trust is required to accept UWM's allegations as true for the purposes of this Motion. ECF No. 15, PageID.159 at n. 1.

represent a materially different, fully integrated and entirely new agreement.[4]

Second, UWM contends that, if § 7.01's signed writing requirement does apply, it was somehow "waived" by the Parties' alleged conduct. But UWM does not plausibly allege waiver by conduct at all much less at a clear and convincing level. In *Board of Washtenaw Cty. Rd. Comm'rs v. Lincoln Consol. Sch. Dist.*, 2013 Mich. App. LEXIS 1519, *20-21 (Sep. 19, 2013), the Court held:

> The potential for ambiguous acts being construed as waiver by conduct is *the reason parties often include a written modification provision; "to protect against unintended and unilateral modification or waiver."* … [T]he evidence relied upon by plaintiff is *not* so clear, direct, weighty, and convincing to produce in the mind of the trier of fact a firm belief or conviction, without hesitation, that defendant knowingly and intentionally waived enforcement of the completion date, time of the essence, and written modification terms[.][5] (emphasis and footnote added, citations omitted).

---

[4] Although UWM contends that "no one disputes that the All-In Addendum was an amendment to the Agreement" (ECF No. 16, PageID.202), the FAC and its attachments demonstrate that the Unsigned Amendment is, in reality, an entirely separate and distinct agreement proposed by UWM which, if accepted, would supersede and replace the 2018 Agreement in all respects. For example, the Unsigned Amendment has the very same title, and includes all the same substantive provisions, as the 2018 Agreement while also adding new and fundamentally different provisions (the Ultimatum and liquidated damages) which entirely change the core agreement between the Parties. Cf. ECF Nos. 13-1 and 13-2. In addition, the Unsigned Amendment includes an integration clause confirming that it represents a brand new, fully integrated agreement between the Parties. ECF No. 13-2, PageID.118 at § 7.12. Because this new agreement was never signed nor agreed to by Atlantic Trust, there was no mutual assent, and it is not enforceable.

[5] Although this case is at the pleading stage, the allegations, even construed in the light most favorable to UWM, do not plausibly allege that Atlantic Trust "knowingly and intentionally" waived the writing requirement for an amendment.

2

See also *Reed Estate v. Reed*, 293 Mich. App. 168, 177; 810 N.W.2d 284 (2011) ("An 'implied waiver' is … 'evidenced by a party's decisive, unequivocal conduct reasonably inferring the intent to waive.'" (citation omitted)).

Here, UWM's allegations do not plausibly allege waiver by conduct at all. Specifically, UWM alleges that, in March 2023, Atlantic Trust submitted "mortgage loans to at least one of the Select Retail Lenders at the same time it was submitting mortgage loans to UWM." ECF No. 13, PageID.87 at ¶ 46. If anything, this alleged conduct by Atlantic Trust demonstrates that it had *not* waived § 7.01's requirement that any amendment must be in a signed writing because Atlantic Trust was acting in compliance with the terms of the 2018 Agreement. In addition, UWM's allegation that Atlantic Trust was submitting loans to UWM pursuant to a "60-day 'trial' period" (*Id.*, PageID.85-86 at ¶ 36) also demonstrates that Atlantic Trust had *not* waived the written modification requirement and was not modifying the 2018 Agreement at all but rather was trying out the submission of loans to UWM during a "trial period" which did *not* include all the terms and conditions of the Unsigned Amendment which Atlantic Trust had never agreed to.[6]

_____

[6] UWM's contention that Atlantic Trust's participation in a "trial period" amounted to acceptance of the Unsigned Amendment does not state a *plausible* allegation that Atlantic Trust waived the written modification requirement because Atlantic Trust's refusal to modify the 2018 Agreement was the reason UWM proposed the "trial" period. ECF No. 13, PageID.85-86 at ¶¶ 34-36. UWM's *only* allegation that Atlantic Trust waived the requirement is that Atlantic Trust allegedly "approved

Nonetheless, UWM claims it has plausibly alleged that Atlantic Trust waived the written modification requirement by virtue of its conduct. However, the sole case relied upon by UWM, *Quality Products & Concepts Co. v. Nagel Precision, Inc.*, 469 Mich. 362, 372-373; 666 NW2d 251 (2003), makes clear that any oral modification *cannot* be unilateral (as here) and can *only* occur when there is mutual assent to *both* (1) the new or changed contract; *and* (2) to forgo the written modification provision. "Where mutual assent does not exist, a contract does not exist. Accordingly, where there is no mutual agreement to enter into a new contract modifying a previous contract, there is no new contract and, thus, no modification. *Simply put, one cannot unilaterally modify a contract because by definition, a unilateral modification lacks mutuality.*" *Id.* (emphasis added, citations omitted).

## II.    The Unsigned Amendment is Invalid Under § 7.08.

UWM contends that § 7.01 applies only to amendments proposed by Broker because § 7.08 permits UWM to unilaterally amend the 2018 Agreement at will. But UWM's construction of these provisions makes no sense because, if § 7.01's exception for unsigned modifications under § 7.08 permits UWM to unilaterally amend the 2018 Agreement at will, this interpretation negates § 7.01's requirement

the renewal" through an online portal. *Id.*, PageID.86-87 at ¶ 40. But Atlantic Trust only used the online portal to participate in the trial period, *not* as a method of assent to the waiver of the written modification provision.

that "this Agreement may not be amended except in writing." ECF No. 13-2, PageID.99 §§ 7.01 (§ 7.01 does *not* limit its application to only amendments made by the Broker) and § 7.08.

In any event, the only reading of § 7.08 that does not entirely moot § 7.01 is that § 7.08 creates a *limited* exception to the written modification requirement that applies only to *amendments concerning Mortgage Loan Applications and Mortgage Loans submitted to UWM*, *not* material modifications to the core terms of the 2018 Agreement. ECF No. 13-1, PageID.99 at § 7.08. Here, UWM has sought to impose two entirely new terms via the Unsigned Amendment which change the fundamental nature of the 2018 Agreement. These entirely new terms are antithetical to the terms of the 2018 Agreement (which permitted Atlantic Trust to submit loans to any lender without penalty), serve only to punish the Broker and have no impact on the nature or quality of Mortgage Loan Applications and Mortgage Loans submitted by Atlantic Trust *to UWM*.[7]

---

[7] Even if the Unsigned Amendment is a valid amendment to the 2018 Agreement, the "All-In" and liquidated damages provisions are still unenforceable because those provisions contradict the terms of the 2018 Agreement which permit a broker to work with *any lender without any restrictions or penalties.* ECF No. 13-1, PageID.100 at § 7.18 ("In the event any of the terms or provisions contained in this [2018] Agreement conflict with those contained in other documents executed in connection with this Agreement, the terms and provisions of *this [2018] Agreement* shall govern and control.").

### III.    The Unsigned Amendment is Invalid Under Mich Comp. Laws § 566.1.

UWM does not dispute that Mich. Comp. Laws § 566.1 requires consideration for an unsigned amendment. UWM contends that it has sufficiently alleged consideration in the form of the Parties' continued business relationship. ECF No. 16, PageID.209. But the Parties' business relationship already existed pursuant to the 2018 Agreement and would have continued to exist under those terms because, as UWM concedes, neither party terminated the 2018 Agreement. ECF No. 13, PageID.85-86 at ¶¶ 36, 38. In fact, the performance of a *pre-existing* duty or legal obligation is generally held *not* to be sufficient consideration for a return promise. 17 Am Jur 2d, Contracts, § 119, p. 465   ("The general rule is that … the performance of an existing legal obligation[] does not constitute … sufficient consideration[] for a contract."). UWM nonetheless contends that *Adell Broad. Corp. v. Apex Media Sales, Inc.*, 269 Mich. App. 6, 11; 708 N.W.2d 778, 781 (2005), somehow supports UWM's position that the continuation of an existing business relationship is sufficient. On the contrary, the *Adell* Court held, "In this case, the parties waived certain terms of their original agreement in a *signed writing*." *Id*. (emphasis added). Because, unlike the matter at bar, a signed writing existed in the *Adell* case, there was no requirement for additional consideration.

### IV.    There was No Mutual Assent to the Unsigned Amendment.

First, UWM contends that the Unsigned Amendment attached to the FAC is just

an "example" to demonstrate where the amended provisions would be placed in the 2018 Agreement. But UWM does not contend that there is any signed version of the Unsigned Amendment nor that there is any need to demonstrate where numbered sections would be placed in the 2018 Agreement, which is self-evident.

Second, UWM concedes that there is no signed version of the Unsigned Amendment. Instead, UWM contends that its allegation that Atlantic Trust's purported approval of "the renewal through UWM's online broker-facing portal" plausibly alleges that the Unsigned Amendment was accepted by Atlantic Trust. But the point is that the Unsigned Agreement attached as Exhibit B to the FAC, on its face, requires a signature in order to be valid. § 7.19 of the Unsigned Agreement lists the methods by which it may be accepted and does *not* mention acceptance by "clickwrap." ECF No. 13-2, PageID.119 at § 7.19 ("[T]his Agreement may be executed via facsimile, electronic mail or electronic signature.").

<div style="margin-left:40%">

Respectfully submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Jeffrey B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON HIRSCH (P58034)
Attorneys for Defendant
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
jhirsch@morganrothlaw.com

</div>

Dated:  May 24, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 24, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification of such filing to all counsel of record.

MORGANROTH & MORGANROTH, PLLC

By: <u>/s/ Jason R. Hirsch</u>
JEFFREY B. MORGANROTH (P41670)
JASON HIRSCH (P58034)
Attorneys for Defendant
344 N. Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 864-4000
Email: jhirsch@morganrothlaw.com

8