**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED WHOLESALE MORTGAGE, LLC,

    Plaintiff/Counter-Defendant,

v.

Case No. 2:24-cv-10216
Hon. Terrence G. Berg

ATLANTIC TRUST MORTGAGE CORPORATION,

    Defendant/Counter-Plaintiff.

_____/

**DEFENDANT, ATLANTIC TRUST MORTGAGE CORPORATION, ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT, COUNTERCLAIM AND RELIANCE ON DEMAND FOR <u>JURY TRIAL</u>**

## Atlantic Trust's Answer to UWM's First Amended Complaint

Defendant, Atlantic Trust Mortgage Corporation ("Atlantic Trust"), by and through its attorneys, Morganroth & Morganroth, PLLC, for its Answer to Plaintiff, United Wholesale Mortgage, LLC's ("UWM"), First Amended Complaint states as follows:

### PARTIES

1. In answer to Paragraph 1, Atlantic Trust neither admits nor denies the allegations for lack of sufficient information upon which to form a belief.

2. In answer to Paragraph 2, Atlantic Trust admits.

### JURISDICTION AND VENUE

3. In answer to Paragraph 3, Atlantic Trust admits.

4. In answer to Paragraph 4, Atlantic Trust denies for reason untrue in the manner and form alleged but does not dispute personal jurisdiction.

5. In answer to Paragraph 5, Atlantic Trust denies for reason untrue in the manner and form alleged but does not dispute personal jurisdiction.

6. In answer to Paragraph 6, Atlantic Trust denies for reason untrue in the manner and form alleged but admits that the Parties agreed that they would submit any action arising out of the 2018 Wholesale Broker Agreement (the "2018 Agreement") to this Court.

## GENERAL ALLEGATIONS

7. In answer to Paragraph 7, Atlantic Trust neither admits nor denies for lack of sufficient information upon which to form a belief.

8. In answer to Paragraph 8, Atlantic Trust admits that UWM does not work directly with borrowers but denies the remaining allegations for reason untrue.

9. In answer to Paragraph 9, Atlantic Trust denies for reason untrue.

10. In answer to Paragraph 10, Atlantic Trust denies for reason untrue.

11. In answer to Paragraph 11, Atlantic Trust admits.

12. In answer to Paragraph 12, Atlantic Trust denies for reason untrue.

13. In answer to Paragraph 13, Atlantic Trust admits only that it executed the 2018 Agreement in January 2018.

14. In answer to Paragraph 14, Atlantic Trust admits that UWM quotes a small portion of the 2018 Agreement and that the full 2018 Agreement speaks for itself.

15. In answer to Paragraph 15, Atlantic Trust admits that UWM quotes a small portion of the 2018 Agreement and that the full 2018 Agreement speaks for itself.

16. In answer to Paragraph 16, Atlantic Trust admits.

17. In answer to Paragraph 17, Atlantic Trust admits.

18. In answer to Paragraph 18, Atlantic Trust states that UWM quotes a small portion of the 2018 Agreement and that the full 2018 Agreement speaks for itself.

19. In answer to Paragraph 19, Atlantic Trust lacks sufficient information to admit or deny the allegation inasmuch as Atlantic Trust does not know what agreements UWM may have with other "Broker Partners."

20. In answer to Paragraph 20, Atlantic Trust states that UWM quotes a small portion of the 2018 Agreement and that the full 2018 Agreement speaks for itself.

21. In answer to Paragraph 21, Atlantic Trust states that UWM quotes a small portion of the 2018 Agreement and that the full 2018 Agreement speaks for itself.

22. In answer to Paragraph 22, Atlantic Trust admits that UWM announced its so-called "All-In Initiative" on or around March 4, 2021. Atlantic Trust neither admits nor denies the remaining allegations for lack of sufficient information upon which to form a belief.

23. In answer to Paragraph 23, Atlantic Trust denies for reason untrue.

24. In answer to Paragraph 24, Atlantic Trust states that the language of the so-called "All-In Addendum" speaks for itself.

25. In answer to Paragraph 25, Atlantic Trust admits that UWM quotes a portion of the so-called "All-In Addendum" but denies for reason untrue that Atlantic Trust ever executed or agreed to the "All-In Addendum" at all.

26. In answer to Paragraph 26, Atlantic Trust Atlantic Trust denies for reason untrue inasmuch as Atlantic Trust never executed nor agreed to the so-called "All-In Addendum" at all.

27. In answer to Paragraph 27, Atlantic Trust denies for reason untrue.

28. In answer to Paragraph 28, Atlantic Trust denies for reason untrue.

29. In answer to Paragraph 29, Atlantic Trust admits.

30. In answer to Paragraph 30, Atlantic Trust admits.

31. In answer to Paragraph 31, Atlantic Trust denies for reason untrue.

32. In answer to Paragraph 32, Atlantic Trust denies for reason untrue.

33. In answer to Paragraph 33, Atlantic Trust denies for reason untrue.

34. In answer to Paragraph 34, Atlantic Trust neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

35. In answer to Paragraph 35, Atlantic Trust admits.

36. In answer to Paragraph 36, Atlantic Trust denies for reason untrue.

37. In answer to Paragraph 37, Atlantic Trust denies for reason untrue.

38. In answer to Paragraph 38, Atlantic Trust neither admits nor denies the allegation for lack of sufficient information upon which to form a belief.

39. In answer to Paragraph 39, Atlantic Trust admits.

40. In answer to Paragraph 40, Atlantic Trust admits.

41. In answer to Paragraph 41, Atlantic Trust admits.

42. In answer to Paragraph 42, Atlantic Trust admits.

43. In answer to Paragraph 43, Atlantic Trust denies for reason untrue.

44. In answer to Paragraph 44, Atlantic Trust admits.

45. In answer to Paragraph 45, Atlantic Trust admits upon information and belief.

46. In answer to Paragraph 46, Atlantic Trust denies for reason untrue.

47. In answer to Paragraph 47, Atlantic Trust admits.

48. In answer to Paragraph 48, Atlantic Trust admits.

49. In answer to Paragraph 49, Atlantic Trust denies for reason untrue.

50. In answer to Paragraph 50, Atlantic Trust denies for reason untrue.

51. In answer to Paragraph 51, Atlantic Trust denies for reason untrue.

52. In answer to Paragraph 52, Atlantic Trust denies for reason untrue.

## COUNT ONE
### BREACH OF CONTRACT

53. In answer to Paragraph 53, Atlantic Trust restates and incorporates by reference all Paragraphs of this Answer as if fully set forth herein.

54. In answer to Paragraph 54, Atlantic Trust denies for reason untrue.

55. In answer to Paragraph 55, Atlantic Trust denies for reason untrue.

56. In answer to Paragraph 56, Atlantic Trust denies for reason untrue.

57. In answer to Paragraph 57, Atlantic Trust denies for reason untrue.

58. In answer to Paragraph 58, Atlantic Trust denies for reason untrue.

## **PRAYER FOR RELIEF**

59. In answer to Paragraph 59, Atlantic Trust denies for reason untrue that the relief requested is warranted or appropriate.

WHEREFORE, Atlantic Trust respectfully requests that this Court dismiss UWM's First Amended Complaint in its entirety with prejudice, and award Atlantic Trust the costs and attorney fees it incurred in having to defend against the First Amended Complaint.

## **Affirmative Defenses**

Atlantic Trust, for its Affirmative Defenses to UWM's First Amended Complaint, states as follows:

1. <u>Failure to State a Claim Upon Which Relief May Be Granted</u>.

2. <u>Fraud in the Inducement</u>. UWM is precluded from pursuing any claims against Atlantic Trust by virtue of UWM's fraud in the inducement against Atlantic Trust.

3. <u>Unclean Hands.</u>  UWM is precluded from pursuing any claims against Atlantic Trust by virtue of its unclean hands.

4. <u>Estoppel.</u> UWM is estopped from collecting any amounts from Atlantic Trust by virtue of its wrongful, tortious and bad faith acts in violation of the law.

5. <u>Waiver.</u> UWM, by its words and actions, waived its right to enforce alleged breaches of the alleged amended agreement.

6. <u>No Breach by Atlantic Trust.</u> Atlantic Trust has not breached any obligations owed to UWM.

7. <u>No Proximate Cause</u>. Any damages suffered by UWM, which damages are denied, were not proximately caused by any act or omission of Atlantic Trust or breach of any legal duty owed by Atlantic Trust to UWM, but were instead caused by the acts, omissions or conduct of UWM itself.

8. <u>No Damages</u>. UWM has suffered no damages.

9. <u>Failure to Mitigate</u>. UWM is not entitled to any relief because it has failed to take reasonable steps to mitigate its alleged damages.

10. <u>Bad Faith and Harassment</u>. UWM's claim against Atlantic Trust is brought in bad faith and for purposes of harassment.

11. <u>Good Faith Conduct by Atlantic Trust</u>. UWM is barred from pursuing its claims by virtue of the fact that Atlantic Trust acted in good faith at all times relevant hereto.

12. <u>Antitrust Violations</u>. The alleged agreement containing the "All-In" provision is void, invalid and unenforceable inasmuch as it is an anticompetitive agreement in violation of the antitrust laws of the United States.

13. <u>Unconscionable</u>. The alleged agreement containing the "All-In" provision is unconscionable.

14. <u>Reservation to Supplement or Amend</u>. Atlantic Trust reserves the right to supplement or amend these Affirmative Defenses as additional information becomes known during discovery.

## Atlantic Trust's Counterclaim Against UWM

Defendant/Counter-Plaintiff, Atlantic Trust, by and through its attorneys, Morganroth & Morganroth, PLLC, for its Counterclaim against Plaintiff/Counter-Defendant, UWM, states as follows:

## Jurisdiction And Parties

1. Atlantic Trust is an Arizona limited liability corporation whose principal place of business is in Arizona.

2. Atlantic Trust is an independent mortgage broker that is in the business of taking applications for residential mortgage loans and assisting borrowers in: (a) pre-qualifying for mortgage loans, (b) selecting a mortgage product, (c) completing a loan application, and (d) processing such applications on behalf of others.

3. UWM is a Michigan limited liability company which has its principal place of business in Oakland County, Michigan. UWM's actions complained of herein and giving rise to this Counterclaim originated in this district.

4. Venue is proper in this district pursuant to 15 U.S.C. §§ 15, 22, and 26 and 28 U.S.C. § 1391.

5. UWM is engaged in the business of wholesale mortgage lending.

6. The amount in controversy is in excess of $75,000, exclusive of interest, costs and attorney fees.

9

7. This Court has supplemental jurisdiction over the pendent state law counterclaim under 28 U.S.C. §§ 1332(d) and 1367 because the counterclaim arises from the same nucleus of operative facts as UWM's claim in this matter.

## General Allegations

8. Atlantic Trust executed a Wholesale Broker Agreement with UWM in January 2018 (the "2018 Agreement").

9. In March 2021, UWM announced an ultimatum whereby it indicated that it would cease conducting business with any independent mortgage broker who did not agree to cease doing business with two of UWM's competitors (the "Ultimatum").

10. As a result of the Ultimatum, Atlantic Trust terminated its relationship with UWM pursuant to the 2018 Agreement.

11. In or around December 2022, UWM approached Atlantic Trust and invited Atlantic Trust to enter into a 60-day trial period wherein Atlantic Trust could submit loans to UWM without any restriction on Atlantic Trust's right to also conduct business with other lenders.

12. Atlantic Trust agreed to the 60-day trial period with the express understanding that it could continue to submit loans to any lender of its choice, including Rocket Mortgage, and made clear that it did not and would not agree to any agreement with UWM that included the Ultimatum.

13. Notwithstanding UWM's promise of a risk free and unencumbered 60-day trial period during which Atlantic Trust was permitted to submit loans to UWM as well as any other lender of Atlantic Trust's choice, UWM now claims that the 60-day trial was somehow governed by the terms of the Ultimatum and that, after the 60-day trial period ended, Atlantic Trust was somehow bound to the terms of the Ultimatum that it had never agreed to.

14. Specifically, UWM fraudulently induced Atlantic Trust to enter into the 60-day trial by promising and representing that Atlantic Trust would *not* be subject to the terms of the Ultimatum but now alleges that Atlantic Trust was not only bound to the terms of the Ultimatum during the 60-day trial period but also remained bound to the terms of the Ultimatum after the 60-day trial period ended.

15. Atlantic Trust never executed any agreement containing the Ultimatum and agreed only to the 60-day trial with the express understanding that the Ultimatum would *not* apply.

## Count I – Fraud and Misrepresentation

16. Atlantic Trust hereby incorporates by reference and realleges the foregoing paragraphs of this counterclaim as if fully restated herein.

17. UWM, by and through its representatives, made false and willful misrepresentations to Atlantic Trust as to terms of the 60-day trial period and the

nature and terms of any continuing relationship between UWM and Atlantic Trust following the conclusion of the 60-day trial period.

18. Atlantic Trust relied to its detriment upon the false representations made by UWM and its representatives and, as a result, entered into the 60-day trial period and thereafter continued its relationship with UWM with the understanding that the Ultimatum did not apply.

19. UWM now claims that Atlantic Trust's participation in the 60-day trial period, which UWM represented did not incorporate the Ultimatum, serves as a basis for UWM's claim of breach of contract against Atlantic Trust as alleged in UWM's First Amended Complaint.

20. Atlantic Trust has suffered and will continue to suffer damages because UWM has sued Atlantic Trust on the basis that Atlantic Trust was bound by the Ultimatum during the 60-day trial period and thereafter. UWM has sought to enforce the Ultimatum by demanding that Atlantic Trust pay liquidated damages to UWM for all loans Atlantic Trust submitted to Rocket Mortgage during the 60-day trial period and thereafter. Atlantic Trust has incurred substantial attorneys' fees, costs and expenses to defend against UWM's claim, which continue to accrue.

21. Atlantic Trust has further suffered damages because it did not send certain loans to other lenders based upon UWM's false promise of an unrestricted

60-day trial period and therefore lost the benefits of relationships with other lenders and the revenue from such loans.

22. By virtue of the intentional, malicious and willful misconduct of UWM, Atlantic Trust is entitled to recover exemplary damages.

23. As a direct, natural, proximate and foreseeable consequence of the foregoing, Atlantic Trust has suffered damages for which it is entitled to recover, including, but not limited to, compensatory damages, consequential damages, exemplary damages, interest, costs and attorney fees.

24. In addition, Atlantic Trust is entitled to the rescission of any alleged agreement entered into as a result of UWM's fraud in the inducement.

WHEREFORE, Atlantic Trust demands that Judgment be entered against UWM as follows:

A. Compensatory damages in an amount in excess of $75,000;

B. Consequential damages in an amount in excess of $75,000;

C. Interest, costs and attorney fees; and

D. Such other and further relief as is warranted and appropriate, including, without limitation, recission of any alleged agreement.

**Reliance Upon UWM's Demand For Jury Trial**

Defendant/Counter-Plaintiff, Atlantic Trust, by and through its attorneys, Morganroth & Morganroth, PLLC, hereby relies upon UWM's demand for a trial by jury as to all claims and counterclaims in the above-entitled matter.

Respectfully submitted,

/s/ Jeffery B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON R. HIRSCH (P58034)
MORGANROTH & MORGANROTH, PLLC
Attorneys for Atlantic Trust
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
(248) 864-4000
jmorganroth@morganrothlaw.com
jhirsch@morganrothlaw.com

Dated: April 8, 2025