**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED WHOLESALE
MORTGAGE, LLC,

    Plaintiff,

v.

ATLANTIC TRUST
MORTGAGE CORPORATION,

    Defendant.

Case No. 2:24-cv-10216

Hon. Terrence G. Berg
Mag. David R. Grand

**UNITED WHOLESALE MORTGAGE, LLC'S
EMERGENCY MOTION FOR RECONSIDERATION AND
MOTION *INSTANTER* FOR LEAVE TO FILE MOTION FOR
<u>PROTECTIVE ORDER</u>**

United Wholesale Mortgage, LLC ("UWM") moves on an emergency basis

under L.R. 7.1(h) for reconsideration and vacatur of the Court's March 25, 2026 5:12

p.m. Text-Only Order and moves *instanter* for leave to file the Motion for Protective

Order attached hereto as Exhibit 1. In support, UWM states as follows:

1.    This Court's practice guidelines forbid parties from filing discovery-

related motions without leave of Court and advise that any motion filed without

leave "will be stricken without notice."

2.    In December 2025, a dispute arose between the parties over

Defendant's request to take the deposition of Mathew Ishbia, UWM's Chairman,

President, and Chief Executive Officer.

3.      At Defendant's request, the Court convened an off-the-record telephonic discovery conference on December 12, 2025.  In connection with that conference, the parties summarized their positions but were not permitted to fully brief the matter with legal authority or submit supporting evidence.

4.      The Court stated during the conference that it would allow a four-hour deposition of Mr. Ishbia.  The Court did not, however, issue a written or text-only order, nor set a deadline for that deposition to occur.

5.      Nor did Defendant thereafter issue a deposition notice for Mr. Ishbia to bring the issue to a head.  Instead, Defendant asked for deposition dates.  In response, and consistent with its belief that further development of the factual record might alleviate the need to formally seek a protective order, UWM first prioritized producing several witnesses who (though still senior) at least arguably had more relevant information and did not present the exceptional burden and proportionality concerns of a CEO-level deposition.

6.      None of those depositions, including of three different employees who were the key UWM contacts with Defendant, gave any support to Defendant's speculation that Mr. Ishbia would have any relevant personal knowledge, much less unique information of sufficient import to make it proportional and appropriate to take his deposition.

2

7. Thereafter, in further effort to narrow the issues, UWM offered on March 24 as an alternative to Mr. Ishbia to produce for deposition its Chief Legal Officer, Adam Wolfe, who is the person most knowledgeable about the agreement at issue in this case, including the implementation of the All-In Addendum and associated liquidated damages provision.

8. Notably, UWM also advised Defendant during that same telephone call, in connection with briefly adjourning a different deposition, that the lead partner directly overseeing this case had been hospitalized for a medical emergency and that the other senior partner actively engaged on the matter was traveling internationally.

9. Knowing UWM's lead counsel were unavailable—but without disclosing that to the Court, and lacking any apparent urgency that would have precluded waiting a few days to raise the issue—Defendant sought an immediate telephonic conference from the Court the following morning, March 25.

10. In response, UWM emphasized its request to file a motion for protective order so the Court could decide this critically important matter on a full record. UWM also quickly worked to arrange substitute coverage for the requested telephonic conference.

11. At 5:12 p.m., however, the Court issued its Text-Only Order cancelling the conference, ordering UWM to produce Mr. Ishbia for deposition within 30 days, and effectively precluding UWM from the opportunity to make a record and obtain

a ruling made on full presentations of law and fact.

12.     Under the circumstances, UWM respectfully submits that issuance of the 5:12 p.m. Order without allowing the opportunity to make a motion under Rule 26(c) and preserve a record was clear error that deprived UWM of a fair opportunity to be heard as provided under the Civil Rules.

13.     Specifically, while it is well-established that the Court may manage its docket in the interest of judicial efficiency, including requiring a pre-motion conference with the Court, see Fed. R. Civ. P. 16(b)(3)(B)(v), the Civil Rules do not authorize a Court to employ such guidelines in a manner that denies outright the opportunity to file a motion otherwise permitted under those rules.

14.     Yet, the application of the Court's practice guidelines here, in combination with the 5:12 p.m. Order, had precisely that effect.  When Defendant emailed its request for a follow-up to the December 12 discovery conference, UWM responded within a few hours expressly stating its desire to file a motion for protective order.  Ex. 2, Emails re: Conference.

15.     The 5:12 p.m. Order that followed a few hours later functionally precluded UWM from availing itself of its rights under the Civil Rules by instead ordering—on a tight timeline—the disposition the Court had informally reached off-the-record and without briefing in December.  In doing so, the Court stepped beyond orderly docket management and contravened the Civil Rules.

16. *In re National Prescription Opiate Litigation*, 956 F.3d 838 (6th Cir. 2020) is illustrative. There, the district court granted parties leave to amend 19 months after a Case Management Order's deadline, without conducting any good-cause evaluation at all, because it viewed the result as "efficient." *Id.* at 843–44. The court also refused to adjudicate motions to dismiss filed in response to those amendments, construing its order allowing amendment as precluding the filing of such motions. *Id.* at 842.

17. The Sixth Circuit granted mandamus, emphasizing that the Civil Rules "have the same force of law that any statute does" and that a court "must find efficiencies within the Civil Rules, rather than in violation of them." *Id.* at 841, 845. The Court also emphasized that, where Rule 12(b) states a party "may assert" a matter by motion, that means "the district court may *not* refuse to adjudicate motions properly filed under that Rule." *Id.* at 846 (emphasis in original).

18. Rule 26(c) uses the same language of authorization, providing that a party "may move for a protective order . . ." Under *Opiate Litigation*, it is thus an abuse of discretion to preclude UWM from ever making that motion through practice guidelines barring filing without leave, combined with a Text-Order foreclosing the relief to be sought.

19. Moreover, while UWM is fully cognizant that "[a] motion for reconsideration is not intended as a means to allow a losing party simply to rehash

rejected arguments," *see Saltmarshall v. VHS Children's Hospital of Michigan, Inc.*, 402 F. Supp. 3d 389, 393 (E.D. Mich. 2019), here UWM has been deprived of the opportunity even to make its arguments, much less preserve its record for appellate review.

20.     UWM therefore respectfully requests that the Court reconsider and vacate the 5:12 p.m. Order.

21.     UWM further requests leave *instanter* to file the proposed Motion for Protective Order attached hereto as Exhibit 1.

22.     While UWM respects the utility of informal discovery conferences in avoiding unnecessary motion practice, the issue here is whether to disrupt a large company's business by requiring a chief executive officer's deposition in a one-count breach of contract case where the underlying agreement is unambiguous and fully integrated—as this Court has already found in this case—and where the only even arguable basis for suggesting he has discoverable information is his attendance at a meeting with others who have been deposed, where the decision was discussed to implement the provision, that Defendant only later bound itself to.

23.     As the proposed motion would show, neither the facts nor the law justify the tremendous, undue burden deposing Mr. Ishbia would impose on UWM. Meanwhile, permitting a defendant to depose a company's most senior executive on the thinnest and most dubious assertions of relevance, in significant part because the

company is the plaintiff, would unfairly deter companies from seeking to enforce their contractual rights and creates a precedent ripe for abuse. *See* Fed. R. Civ. P. 26(c) (providing that a "party"—not just a defendant—may seek a protective order).

24.     Under the circumstances, including the issuance of the 5:12 p.m. Order, it is apparent that further informal discovery conference would not materially aid resolution of this important matter, and that formal motion practice should be permitted and a full record preserved if further review is needed.

25.     This is an emergency matter because, absent the relief sought, UWM will have to immediately begin disrupting operations to comply with the Court's time-limited Order. Mr. Ishbia's schedule is set far in advance and the Order would force immediate scheduling changes and preparation that cannot be unwound. UWM will also have to immediately seek appellate review, given the importance of the underlying issues.

26.     Given the emergency nature of the relief requested, UWM has not been able to seek concurrence in this motion but expects that Defendant would not concur in any event. L.R. 7.1(a)(2)(C).

WHEREFORE, UWM respectfully requests that the Court grant this motion, reconsider and vacate the 5:12 p.m. Order, and grant leave instanter to file the attached motion for protective order.

Respectfully submitted,

By: */s/ Roger P. Meyers*
Roger P. Meyers (P73255)
William E. McDonald (P76709)
Moheeb H. Murray (P63893)
Mahde Y. Abdallah (P80121)
**BUSH SEYFERTH PLLC**
100 West Big Beaver Road, Suite 400
Troy, MI 48084
T/F: (248) 822-7800
meyers@bsplaw.com
mcdonald@bsplaw.com
murray@bsplaw.com
abdallah@bsplaw.com
Date: March 26, 2026          *Attorneys for United Wholesale Mortgage, LLC*

8

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED WHOLESALE
MORTGAGE, LLC,

     Plaintiff,

v.

ATLANTIC TRUST
MORTGAGE CORPORATION,

     Defendant.

Case No. 2:24-cv-10216

Hon. Terrence G. Berg
Mag. David R. Grand

## BRIEF IN SUPPORT OF UNITED WHOLESALE MORTGAGE, LLC'S EMERGENCY MOTION FOR RECONSIDERATION AND MOTION *INSTANTER* FOR LEAVE TO FILE MOTION FOR <u>PROTECTIVE ORDER</u>

## **TABLE OF CONTENTS**

STATEMENT OF THE ISSUES PRESENTED......................................................III

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................ IV

TABLE OF AUTHORITIES ................................................................................V

INDEX OF EXHIBITS...................................................................................... VI

BRIEF IN SUPPORT OF MOTION .....................................................................1

## STATEMENT OF THE ISSUES PRESENTED

1.      Should the Court reconsider and vacate the 5:12 p.m. Order and grant UWM leave instanter to file the attached motion for protective order because UWM has a right to the opportunity to make a motion under Rule 26(c) and neither the facts nor the law justify the burden of deposing UWM's CEO, Mat Ishbia ?

UWM answers:                    Yes.

The Court should answer:        Yes.

iii

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

### <u>CASES</u>

*In re National Prescription Opiate Litigation*, 956 F.3d 838 (6th Cir. 2020)

### <u>RULES</u>

Fed. R. Civ. P. 26(c)

# TABLE OF AUTHORITIES[1]

## CASES

*In re National Prescription Opiate Litigation*,
   956 F.3d 838 (6th Cir. 2020) .................................................................5

*Saltmarshall v. VHS Children's Hospital of Michigan, Inc.*,
   402 F. Supp. 3d 389 (E.D. Mich. 2019) .............................................6

## RULES

E.D. Mich. LR 7.1(a)(2)(C) ....................................................................7

Fed. R. Civ. P. 16(b)(3)(B)(v)..................................................................4

Fed. R. Civ. P. 26(c).................................................................. 4, 5, 7

---

[1] For its Table of Authorities, UWM cites to the authority presented in the preceding motion.

## INDEX OF EXHIBITS

Exhibit 1:    UWM's Proposed Motion for Protective Order.

Exhibit 2:    Emails re: Conference.

## <u>BRIEF IN SUPPORT OF MOTION</u>

For its Brief in Support, United Wholesale Mortgage, LLC incorporates by reference its preceding motion and respectfully requests that the Court grant this motion, reconsider and vacate the 5:12 p.m. Order, and grant leave instanter to file the attached motion for protective order.

Respectfully submitted,

By: */s/ Roger P. Meyers*
Roger P. Meyers (P73255)
William E. McDonald (P76709)
Moheeb H. Murray (P63893)
Mahde Y. Abdallah (P80121)
**BUSH SEYFERTH PLLC**
100 West Big Beaver Road, Suite 400
Troy, MI 48084
T/F: (248) 822-7800
meyers@bsplaw.com
mcdonald@bsplaw.com
murray@bsplaw.com
abdallah@bsplaw.com
Date: March 26, 2026      *Attorneys for United Wholesale Mortgage, LLC*

1