*EXHIBIT 2*

## Abdallah, Mahde

| | |
|---|---|
| **From:** | Abdallah, Mahde |
| **Sent:** | Wednesday, March 25, 2026 11:22 AM |
| **To:** | 'Jason Hirsch'; Emily Vradenburg |
| **Cc:** | Jeffrey B. Morganroth; McDonald III, William; Murray, Moheeb; Meyers, Roger P.; Spratt, Alaina |
| **Subject:** | RE: [EXTERNAL] RE: United Wholesale Mortgage v Atlantic Trust, Case No. 2:24-cv-10216 |

Good morning Ms. Vradenburg,

United Wholesale Mortgage (UWM) will, of course, participate in another informal discovery conference if the Court desires and is available tomorrow at 3 p.m., but can rearrange scheduling to make 11 a.m. work too if needed.  However, UWM seeks the opportunity to fully brief a motion for protective order under Rule 26(c) regarding the request for Mr. Ishbia's deposition. Mr. Ishbia is UWM's Chairman, President, and Chief Executive Officer.  His deposition would provide no relevant information relating to the fully integrated and unambiguous contract at issue in this case, would be exceptionally burdensome, and appears to be sought solely for the purpose of harassment.  These circumstances warrant a fully developed record before the Court makes a final ruling.

While the Court did orally indicate in a prior discovery conference¬—conducted without the benefit of a motion and full briefing, and without issuing an order (as Defendant overstates)—that the deposition could proceed with a four-hour time limit, what Defendant's counsel fails to disclose is that they immediately sought to expand that deposition in a sister court.  Defendant's counsel also fails to disclose that several depositions of high-level UWM personnel have been conducted since the discovery conference and have universally reinforced that Mr. Ishbia has no unique knowledge or personal involvement that would justify an apex deposition.  Defendant's counsel further omits that, in a recent meet and confer session, they stated they wished to question Mr. Ishbia on issues relating to personal media coverage that are not even arguably relevant to this case. Meanwhile, the Court's recent Opinion and Order dismissing Atlantic Trust's counterclaim where the parties' agreement is fully integrated further reinforces the irrelevance even of the originally stated reasons for the deposition.  See ECF No. 33.

In short, there are compelling reasons for the Court to take the opportunity for full briefing on this important issue before rendering a final determination.  Thank you for taking the time to consider this matter.

**Mahde Y. Abdallah** | Partner | **Bush Seyferth PLLC** | Tel/Fax: (248) 822-7860 | Cell: (313) 727-9999 | abdallah@bsplaw.com

---

**From:** Jason Hirsch <JHirsch@morganrothlaw.com>
**Sent:** Wednesday, March 25, 2026 10:07 AM
**To:** Emily Vradenburg <Emily_Vradenburg@mied.uscourts.gov>
**Cc:** Jeffrey B. Morganroth <JMorganroth@morganrothlaw.com>; Abdallah, Mahde <abdallah@bsplaw.com>; McDonald III, William <McDonald@bsplaw.com>; Morrison, Lane <morrison@bsplaw.com>; Murray, Moheeb

<murray@bsplaw.com>
**Subject:** [EXTERNAL] RE: United Wholesale Mortgage v Atlantic Trust, Case No. 2:24-cv-10216

Good morning,

      Defendant's counsel is available tomorrow, 3/26, at 11am. Thank you.

Sincerely,

Jason R. Hirsch
**Morganroth & Morganroth, PLLC**
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan  48009
(248) 864-4000 ext. 120
(248) 864-4001 (facsimile)
jhirsch@morganrothlaw.com
https://www.morganrothlaw.com/

  

This e-mail is subject to the attorney/client and attorney work product privileges.

---

**From:** Emily Vradenburg <Emily_Vradenburg@mied.uscourts.gov>
**Sent:** Wednesday, March 25, 2026 9:23 AM
**To:** Jason Hirsch <JHirsch@morganrothlaw.com>
**Cc:** Jeffrey B. Morganroth <JMorganroth@morganrothlaw.com>; Abdallah, Mahde <abdallah@bsplaw.com>; McDonald III, William <mcdonald@bsplaw.com>; Morrison, Lane <morrison@bsplaw.com>; Murray, Moheeb <murray@bsplaw.com>
**Subject:** RE: United Wholesale Mortgage v Atlantic Trust, Case No. 2:24-cv-10216

Good morning, Counsel,

The Court has the following dates/times available for a telephonic status conference:

Tomorrow, 3/26 at 11:00 a.m. or 3:00 p.m.
Tuesday, 3/31 at 3:00 p.m.

Please confer and advise which date/time works best for everyone. If you need more dates, please let me know.

Thank you,

*Emily Vradenburg*

Case Manager to the
Honorable Terrence G. Berg
U.S. District Court – Eastern District of Michigan

313-234-2644
Emily_vradenburg@mied.uscourts.gov

**From:** Jason Hirsch <JHirsch@morganrothlaw.com>
**Sent:** Wednesday, March 25, 2026 8:15 AM
**To:** Emily Vradenburg <Emily_Vradenburg@mied.uscourts.gov>
**Cc:** Jeffrey B. Morganroth <JMorganroth@morganrothlaw.com>; Abdallah, Mahde <abdallah@bsplaw.com>; McDonald III, William <mcdonald@bsplaw.com>; Morrison, Lane <morrison@bsplaw.com>; Murray, Moheeb <murray@bsplaw.com>
**Subject:** United Wholesale Mortgage v Atlantic Trust, Case No. 2:24-cv-10216

**CAUTION - EXTERNAL:**

Ms. Vradenburg:

I write in connection with the above-referenced case.

In accord with Judge Berg's Discovery Practice Guideline, Paragraph E, Defendant respectfully requests that a telephone conference with the Court to resolve a discovery dispute be scheduled on a mutually convenient date and time.

As background, the parties previously participated in a discovery conference with Judge Berg on December 12, 2025. One of the issues addressed at that conference was Plaintiff's objection to Defendant's demand to conduct the deposition of Plaintiff's CEO, Mat Ishbia. At the conference, Judge Berg determined that Defendant would be entitled to conduct the deposition of Mr. Ishbia for four hours. Since that time, Defendant's counsel has repeatedly requested to schedule a firm date for the deposition of Mr. Ishbia, but Plaintiff did not provide a single date for the deposition.

On March 17, 2026, Plaintiff's counsel, for the first time, indicated that Plaintiff intends to file a motion for protective order to preclude the deposition of Mr. Ishbia which was already ordered by the Court. Although Plaintiff sought to link this change of course with the Court's recent dismissal of Defendant's counterclaim, there is no connection between the deposition of Mr. Ishbia and the counterclaim, nor was this Court's ruling that Mr. Ishbia be required to sit for a deposition in any way contingent upon the counterclaim or any other discovery which Defendant is entitled to pursue by right.

The parties have met and conferred as required by Judge Berg's Discovery Dispute Practice Guidelines, but were unable to resolve this disagreement. Defendant therefore requests a telephone conference with the Court. All counsel have been cc'd on this email.

Thank you.

Sincerely,

Jason R. Hirsch
**Morganroth & Morganroth, PLLC**
344 North Old Woodward Avenue, Suite 200
Birmingham, Michigan  48009

3

(248) 864-4000 ext. 120
(248) 864-4001 (facsimile)
jhirsch@morganrothlaw.com
https://www.morganrothlaw.com/

  

This e-mail is subject to the attorney/client and attorney work product privileges.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.