UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED WHOLESALE MORTGAGE, LLC,** | **2:24-CV-10216-TGB-DRG** |
| Plaintiff, | HON. TERRENCE G. BERG |
| vs. | **ORDER** |
| **ATLANTIC TRUST MORTGAGE CORPORATION,** | **STRIKING PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF MARCH 25, 2026 TEXT ONLY ORDER (ECF NO. 35),** |
| Defendant. | **STAYING THE DATES IN THE COURT'S MARCH 25, 2026 TEXT ONLY ORDER, AND** |
| | **DIRECTING DEFENDANT TO FILE A MOTION ADDRESSING ITS REQUEST TO DEPOSE MATHEW ISHBIA** |

Before the Court is Plaintiff United Wholesale Mortgage, LLC's "Emergency Motion for Reconsideration and Motion *Instanter* for Leave to File Motion for Protective Order." ECF No. 35.

Although styled as an "emergency," the motion in question is actually a rehash of a three-month-old discovery dispute between Plaintiff and Defendant Atlantic Trust Mortgage Corporation over whether Plaintiff's Chief Executive Officer, Mr. Mathew Ishbia, must sit for a short deposition to answer questions about the lawsuit his company

initiated. This very issue was previously raised in email briefs, discussed in a court conference call with all attorneys, and clearly ruled upon by the Court back on December 12, 2025. Despite the Court's plain directive to the parties that Mr. Ishbia must be made available for a deposition not exceeding four hours, for reasons that are unknown, over the ensuing three months Plaintiff did not comply with the Court's ruling, and instead waited until March 17, 2026 to inform counsel for Defendant that it did not intend to comply with the Court's ruling and  planned to file a motion for a protective order to prevent the deposition that the Court had already ordered.

Plaintiff's refusal to comply with the Court's previous order led Defense counsel to email the Court requesting another telephonic conference with the Court on March 25, 2026. Copy of Defense Counsel's email dated March 25, 2026, ECF No. 35-2, PageID.618. Plaintiff's counsel responded with its own email, indicating availability for such a teleconference on March 26, 2026, and setting out its objections to making Mr. Ishbia available for a deposition. Initially, the Court set a teleconference to discuss the matter for March 26, 2026. However, because Plaintiff counsel's email stated that its position was premised on its misunderstanding that the Court did not issue an order requiring Mr. Ishbia's deposition in the December 12, 2025 conference call, the Court cancelled the conference call and clarified the record for the parties by entering a Text Only Order requiring Plaintiff to present Mr. Ishbia for

2

deposition "[a]s stated during the Status Conference held on December 12, 2025."

The day after the text-only order was entered—which gave the parties 30 days to conduct the deposition and extended the discovery period as well—Plaintiff filed its "Emergency Motion for Reconsideration of the March 25, 2026 Text Only Order and Motion *Instanter* for Leave to File Motion for Protective Order." ECF No. 35.

The Court has carefully reviewed Plaintiff's motion for reconsideration and for leave to file a protective order. Because there is nothing approaching an emergency here, Plaintiff's Counsel was obliged by the Court's Local Rules to seek concurrence before filing the motion in accordance with E.D. Mich. Local Rule 7.1(a); but, as the motion itself concedes, no such concurrence was sought. For failure to comply with that rule, the motion for reconsideration (ECF No. 35) will be **STRICKEN**.

However, because the parties apparently disagree about its previous ruling, the Court concludes that some of the issues raised by the parties deserve a more thorough airing and on-the-record briefing than has yet been permitted. Therefore, the Court will **STAY** its Text Only Order of March 25, 2026, and will **DIRECT** Defendant to file a motion addressing two questions: (1) whether the deposition of Mr. Ishbia as previously ordered by the Court is justified by the Federal Rules of Civil Procedure, relevant case law, and the factual development of the case,

and (2) whether Plaintiff should be held in contempt for not complying with the Court's oral order at the December 12, 2025 status conference to allow Mr. Ishbia's deposition. Such motion must be filed within **14 days** of the date of this Order and may not exceed 25 pages. Plaintiff may respond, subject to the same page limits, within the time limits provided by the Federal Rules of Civil Procedure and the Court's Local Rules. Defendant's reply may not exceed 10 pages. Finally, all scheduling order dates will be extended without date pending a decision on Defendant's motion.

## I.   BACKGROUND

To provide context for its ruling, the Court will summarize the preceding procedural history which led to this point. On December 8, 2025, Defendant emailed the Court, in accordance with this Court's Practice Guidelines for Discovery,[1] requesting a telephone conference to

---

[1]   This Court's Practice Guidelines for Discovery provide, in part:

**DO NOT FILE ANY DISCOVERY MOTIONS WITHOUT LEAVE OF THE COURT. SUCH MOTIONS WILL BE STRICKEN WITHOUT NOTICE. CALL THE COURT TO SCHEDULE A STATUS CONFERENCE TO DISCUSS ANY DISCOVERY DISPUTE THAT COUNSEL BELIEVES MUST BE RESOLVED BY THE COURT.**

Local Rule 37.1 requires the parties to attempt to narrow their disagreements in regard to discovery. The Court expects counsel to make every effort to comply with this Local Rule, to confer with one another and to resolve discovery matters themselves. Email correspondence alone is insufficient--

resolve a discovery dispute revolving around Defendant's request to conduct depositions of certain representatives of Plaintiff whom Plaintiff had declined to produce for deposition. The Court scheduled a date and time for the status conference and requested that the parties provide the Court with more information regarding the dispute in advance of the status conference. The parties then submitted detailed statements by email outlining their positions regarding the discovery dispute. Plaintiff supported its position with citations to relevant authorities in the case law.

The Court held the status conference on December 12, 2025, at which counsel for Plaintiff and Defendant appeared telephonically. Though the conference was not held on the record with a court reporter, the Court ensured that detailed minutes were taken. The Court heard

---

counsel must speak to one another, either in person or via telephone.

If counsel have conferred and made every effort to reach an agreement but without success, the Court will make itself available by telephone, on relatively short notice, in order to resolve any discovery disputes expeditiously and without the need for motion practice. In order to facilitate this process, parties are **REQUIRED** to contact the Court prior to filing any discovery motions. Again, discovery motions filed without leave of Court will be stricken.

https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=37 [https://perma.cc/HS2W-4SV8].

oral argument from both parties regarding the requested depositions of Chief Digital Officer Justin Glass and CEO Mathew Ishbia. After thoroughly considering the parties' email submissions and oral arguments, the Court ordered Plaintiff to produce Mr. Glass and Mr. Ishbia for deposition. The Court noted that Plaintiff initiated this lawsuit and explained that Defendant sufficiently argued that Mr. Ishbia was personally involved in the implementation and contours of UWM's "All In Addendum," including the Addendum's liquidated damages provision, and that Mr. Glass was involved in the decision to offer Defendant a 60-day trial period, and thus their depositions were relevant and permissible under the Rules. In an effort to avoid undue burden, abuse, and expense on the deponents, the Court limited each of the depositions to no more than four hours in length. Both parties stated that they understood the Court's order and that they would comply.

However, Plaintiff never made Mr. Ishbia available for a deposition, so that on March 25, 2026, counsel for Defendant emailed the Court, again requesting a telephonic conference to resolve this discovery dispute. Defendant asserted that, since the December 2025 telephone conference, it repeatedly requested Plaintiff's Counsel to agree to schedule a date for Mr. Ishbia's deposition, but that Plaintiff had not provided a date. Instead, the email stated, on March 17, 2026 Plaintiff informed Defendant for the first time that it intended to file a motion for protective order to preclude the deposition of Mr. Ishbia. Plaintiff

6

responded to Defense Counsel's email to the Court that Mr. Ishbia's deposition would be exceptionally burdensome and sought solely for the purpose of harassment, and that Plaintiff now wanted to file a motion for protective order to bar that deposition. Defendant stated in response that Plaintiff never suggested that it would not produce Mr. Ishbia for a deposition, as required by the Court on December 12, 2025, until March 17, 2026, and that Mr. Ishbia's deposition testimony remains key and material to the central issues in this case.

The Court initially scheduled a telephonic status conference to address the matter for a second time, but then, based on the parties' email submissions to the Court, and the Court's clear order at the December 12, 2025 status conference, entered a Text Only Order stating:

> As stated during the Status Conference held on December 12, 2025, Plaintiff is **ORDERED** to present CEO Mathew Ishbia for a deposition, which shall not exceed 4 hours in duration, **within the next 30 days**. **Discovery is hereby EXTENDED to close on 4/30/26, and Dispositive Motions Cut-off Date is EXTENDED until 5/15/26.** Status Conference set for 3/2[6]/26 is hereby CANCELLED.

3/25/2026 Text Only Order.

The next day, on March 26, 2026, Plaintiff filed, without seeking concurrence from Defendant, an "Emergency Motion for Reconsideration and Motion *Instanter* for Leave to File Motion for Protective Order." ECF No. 35. In its motion, Plaintiff argues that the March 25, 2026 Text Only Order "was clear error that deprived UWM of a fair opportunity to be

heard as provided under the Civil Rules" and that it "functionally precluded UWM from availing itself of its rights under the Civil Rules by instead ordering—on a tight timeline—the disposition the Court had *informally reached off-the record and without briefing* in December." *Id.* PageID.409 (emphasis added). Plaintiff requested that the Court reconsider and vacate the March 25, 2026 Text Only Order and grant Plaintiff leave to file a motion for protective order. *Id.* PageID.411. Plaintiff attached, as an exhibit, its proposed motion for protective order, with exhibits, totaling 194 pages. ECF No. 35-1.

## II.   DISCUSSION

Eastern District of Michigan Local Rule 7.1(a) requires a movant to seek concurrence from the opposing party prior to filing a motion. Specifically, that local rule states that "the movant must ascertain before filing [a motion] whether the contemplated motion ... will be opposed" by "confer[ring] with the other parties and other persons entitled to be heard on the motion[.]" E.D. Mich. L.R. 7.1(a)(1). Local Rule 7.1(a)(2) further provides that "[i]f concurrence is not obtained, the motion or request must state," among other bases, that there was an attempt to initiate a conference but that the parties were not able to obtain concurrence. *Id.* 7.1(a)(2)(A). And Rule 7.1(a)(3) also states that "[t]he court may impose sanctions for ... violating this rule, which may include taxing costs and attorney's fees, denying the motion, and striking the filing." *Id.* 7.1(a)(3).

Accordingly, "[s]eeking concurrence from the opponent is a mandatory directive of the Local Rules of this District." *U.S. v. Ramesh*, No. 02-80756, 2009 WL 817549, at \*6 (E.D. Mich. Mar. 26, 2009) (Cook, J.); *see also Bryce v. Comm'r of Soc. Sec.*, No. 12-14618, 2013 WL 12123666, at \*1 (E.D. Mich. Oct. 8, 2013) (Whalen, M.J.) ("[T]he Local Rules, as well as the Federal Rules of Civil Procedure, are called 'rules,' not 'suggestions' or 'guidelines[.]'"). Failure to seek concurrence prior to filing a motion is cause for issuing an immediate denial of the relief requested. *Ramesh*, 2009 WL 817549, at \*6; *Tubbs Bros., Inc. v. Prime Eagle, LLC*, No. 12-13104, 2012 WL 3065451 (E.D. Mich. July 27, 2012) (Lawson, J.) ("It is not up to the Court to expend its energies when the parties have not sufficiently expended their own.") (citation omitted).

Plaintiff acknowledges that it failed to properly seek concurrence pursuant to Eastern District of Michigan Local Rule 7.1(a) before filing the Emergency Motion. Plaintiff offers the excuse that "[g]iven the emergency nature of the relief requested, UWM has not been able to seek concurrence in this motion but expects that Defendant would not concur in any event." ECF No. 35, PageID.412 (citing E.D. Mich. L.R. 7.1(a)(2)(C)). While Plaintiff is correct that Local Rule 7.1(a)(2)(C) provides that a party may assert that "concurrence in the motion has not been sought because of the emergent nature of the relief requested in the motion," this exception clearly does not apply to the circumstances before the Court. The Court ordered Mr. Ishbia's deposition over three months

ago, on December 12, 2025. Plaintiff could have sought reconsideration in a timely manner then or could have asked for leave to file a protective order at any time for three months but chose not to do so. Further, even after the March 25, 2026 Text Only Order was entered reiterating the Court's express order for Mr. Ishbia's deposition, Plaintiff had an *additional* 30 days to produce Mr. Ishbia for deposition. There was no emergency that justified evading the rule requiring seeking concurrence. The seconds or minutes it would have taken to dash off an email or pick up the phone, and the hours it may have taken to await a reply, abounded in plenitude. Plaintiff had ample time to seek to obtain concurrence from Defendant before filing the instant motion, and its manufactured crisis begins to approach "a mockery of Local Rule 7.1(a) and an abuse of process." *See All About Chores LLC v. Lyon*, No. 18-cv-12000, 2019 WL 2590750, at *2 (E.D. Mich. June 25, 2019) (Majzoub, M.J.). Plaintiff's mere statement that an emergency exists, and its vague allusions to Mr. Ishbia's busy schedule, are wholly insufficient to satisfy the requirements of Local Rule 7.1. *See Franklin Cap. Grp., LLC v. Austin Bus. Fin., LLC*, No. 22-10947, 2022 WL 3703190, at *1 (E.D. Mich. May 12, 2022) (Lawson, J.) ("[A]nemic attempts" by the parties to seek cooperative resolution "are insufficient to honor either the letter or the spirit of Eastern District of Michigan Local Rule 7.1(a)."). Plaintiff's motion therefore will be **STRICKEN** for failure to comply with the Local Rules.

10

However, the Court is conscious of the fact that Plaintiff's conduct in not complying with the Court's previous order, and its ardor for the opportunity to fully brief the question, suggests that a fair and thorough exploration of the issue is in the best interest of justice here. Accordingly, in an effort to expeditiously resolve the present discovery dispute, Defendant Atlantic Trust is directed to file a motion addressing two questions: (1) whether the deposition of Mr. Ishbia as previously ordered by the Court is justified by the Federal Rules of Civil Procedure, relevant case law, and the factual development of the case, and (2) whether Plaintiff should be held in contempt for not complying with the Court's oral order at the December 12, 2025 status conference to allow Mr. Ishbia's deposition. Such motion must be filed within 14 days of the date of this Order and may not exceed 25 pages. Plaintiff may respond, both as to the deposition and by showing cause why it should not be held in contempt, subject to the same page limits, within the time limits provided by the Federal Rules of Civil Procedure and the Court's Local Rules, and Defendant may reply in no more than 10 pages.

Finally, the dates set in the March 25, 2026 Text Only Order are hereby **STAYED**, including the date for the deposition of Mr. Ishbia, the discovery closing date, and dispositive motion cut-off date, which are hereby **EXTENDED** without a date. An amended scheduling order will be issued after the above discovery issues are decided.

11

### III.   CONCLUSION

Accordingly, for the reasons set forth above, **IT IS ORDERED** that Plaintiff UWM's Emergency Motion for Reconsideration and Motion *Instanter* for Leave to File Motion for Protective Order, ECF No. 35, shall be **STRICKEN** for failure to comply with E.D. Mich. L.R. 7.1.

**IT IS FURTHER ORDERED** that Defendant Atlantic Trust shall file a motion addressing (1) whether the deposition of Mr. Ishbia as previously ordered by the Court is justified by the Federal Rules of Civil Procedure, relevant case law, and the factual development of the case, and (2) whether Plaintiff should be held in contempt for not complying with the Court's oral order at the December 12, 2025 status conference to allow Mr. Ishbia's deposition. Such motion must be filed within **14 days** of the date of this Order and may not exceed 25 pages. Plaintiff may respond, both as to the deposition and by showing cause why it should not be held in contempt, subject to the same page limits, within the time limits provided by the Federal Rules of Civil Procedure and the Court's Local Rules, and Defendant may reply in no more than 10 pages.

Finally, **IT IS FURTHER ORDERED** that dates set in the March 25, 2026 Text Only Order are hereby **STAYED** until further order of the Court.

**IT IS SO ORDERED.**

Dated: April 9, 2026         /s/Terrence G. Berg
                            HON. TERRENCE G. BERG
                            UNITED STATES DISTRICT JUDGE