# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED WHOLESALE MORTGAGE, LLC, | |
| Plaintiff/Counter-Defendant, | Case No. 2:24-cv-10216 |
| v. | Hon. Terrence G. Berg<br>Mag. David R. Grand |
| ATLANTIC TRUST MORTGAGE CORPORATION, | |
| Defendant/Counter-Plaintiff. | |

## DECLARATION OF ADAM WOLFE

Pursuant to 28 U.S.C. § 1746, I, Adam Wolfe, hereby declare and state as follows:

1. I am over the age of 18 and am a resident of the State of Michigan. I have personal knowledge of the facts in this affidavit and, if called as a witness, could testify competently to them.

2. I serve as Chief Legal and Administrative Officer of United Wholesale Mortgage, LLC ("UWM").

3. Through my role, I am familiar with the executive operations of UWM, including the schedule, duties, and obligations of UWM's Chief Executive Officer, Mathew Ishiba, in those operations.

4. UWM is the largest mortgage lender in the United States.

5. As CEO of UWM, Mr. Ishbia's work days are routinely packed with meetings, most of which he leads.

6. These meetings involve significant decision-making for UWM for which the coordination of multiple attendees' schedules is essential and at which Mr. Ishbia's attendance is indispensable.

7. Through my role and work with Mr. Ishbia, I am also familiar with how his role as co-owner of professional sports franchises (i.e., the NBA's Phoenix Suns and WBNA's Phoenix Mercury) taxes his schedule and availability beyond his responsibilities at UWM.

8. I am aware that in this lawsuit UWM has alleged breach of contract committed by Atlantic Trust Mortgage Corporation relating to provisions connected to the All-In Initiative.

9. I understand that counsel for Atlantic Trust seeks to depose Mr. Ishbia for multiple hours.

10. I further understand that Mr. Ishbia's deposition is likely to involve questioning about decision-making that would have occurred over five years ago, with a particular emphasis on the liquidated damages provisions in Wholesale Broker Agreements.

11. As Chief Legal and Administrative Officer, I was responsible for the changes to Wholesale Broker Agreements in 2021. This responsibility included the

determination of what legal mechanisms would be utilized within those agreements, including liquidated damages.

12.     Determining the basis and amount of liquidated damages to propose for approval was a legal decision made by myself and those under my purview.

13.     I was in attendance at the meeting at which the decision to implement changes to Wholesale Broker Agreements was made. That decision was guided by the recommendations prepared by myself and others on the legal team.

14.     The numbers for the liquidated damages provision ultimately adopted were those prepared and proposed by the legal team, under my supervision, prior to the meeting.

15.     From 2021 through the present, Mr. Ishbia has had no personal involvement in, and thus would be unlikely to have any personal knowledge about, Atlantic Trust's agreements with UWM or about its particular submissions of loans to UWM or other entities.

16.     I am familiar with the process of preparing a witness for deposition, the demands of being deposed, and many of the costs and complications likely to be incurred by UWM due to the deposition of Mr. Ishbia.

17.     Based on the foregoing, and in addition to the time significant time I would anticipate would be required to properly prepare Mr. Ishbia for deposition,

committing him to a deposition of any length in this case would significantly hamper UWM's ability to conduct its operations.

18.     Among other burdens, Mr. Ishbia's inability to attend to his obligations or to have his travel schedule disrupted due to a deposition would require significant staffing and other resources to be diverted at significant cost to UWM.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on ____3/24/26_____, 2026.

_____
Adam Wolfe

4