**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED WHOLESALE MORTGAGE, LLC,

     Plaintiff,

v.

ATLANTIC TRUST MORTGAGE CORPORATION,

     Atlantic Trust.

_____/

Case No. 2:24-cv-10216
Hon. Terrence G. Berg
Chief Mag. J. David R. Grand

**ATLANTIC TRUST'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION [ECF NO. 37] PURSUANT TO THE COURT'S APRIL 9, 2026 ORDER [ECF NO. 36] ADDRESSING (1) WHETHER THE DEPOSITION OF MR. ISHBIA AS PREVIOUSLY ORDERED BY THE COURT IS JUSTIFIED BY THE FEDERAL RULES OF CIVIL PROCEDURE, RELEVANT CASE LAW, AND THE FACTUAL DEVELOPMENT OF THE CASE; AND (2) WHETHER PLAINTIFF SHOULD BE HELD IN CONTEMPT FOR NOT COMPLYING WITH THE COURT'S ORAL ORDER AT THE DECEMBER 12, 2025 STATUS CONFERENCE TO <u>ALLOW MR. ISHBIA'S DEPOSITION</u>**

## Table of Contents

Index of Authorities ................................................................................ ii

Most Controlling Authorities ............................................................... iv

    I.    Mr. Ishbia Should be Produced for the Deposition. ................................1

    II.   UWM Should be Held in Contempt or Subject to Discovery Sanctions. 5

Certificate of Service ...........................................................................8

i

## Index of Authorities

**Cases**                                                                                                   **Page(s)**

*Ceiva Logic, Inc. v. Amazon.com, Inc.*,
   2021 WL 12349625 (C.D. Cal. Nov. 10, 2021) ................................................3

*Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*,
   936 F.2d 889 (6th Cir. 1991) ...........................................................................1

*Fox v. Amazon*,
   2017 U.S. Dist. LEXIS 236519 (M.D. Tenn. Sep. 21, 2017) ..........................1

*Grace v. Ctr. for Auto Safety*,
   72 F.3d 1236 (6th Cir. 1996) ............................................................................6

*Haydar v. Amazon Corp., LLC*,
   2021 U.S. App. LEXIS 28182 (6th Cir. Sep. 16, 2021)....................................1

*Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*,
   867 F.3d 692 (6th Cir. 2017) ............................................................................2

*Lyngaas v. Solstice Bens., Inc.*,
   2023 U.S. Dist. LEXIS 172928 (E.D. Mich. Sep. 27, 2023) ..........................3

*McCracken v. Ford Motor Co.*,
   2009 WL 10700999 (E.D. Pa. Apr. 21, 2009)..................................................3

*Mitchell v. Arnold*,
   2023 WL 7711478 (W.D. Ky. Nov. 15, 2023)..................................................1

*Overall v. Oakland Cnty.*,
   2022 WL 351068 (E.D. Mich. Feb. 4, 2022) ...................................................3

*Serrano v. Cintas Corp.*,
   699 F.3d 884 (6th Cir. 2012) ........................................................................3, 4

**Rules**                                                                 **Page(s)**

Fed. R. Civ. P. 37(b) ...........................................................................................5

Fed. R. Civ. P. 26(c)........................................................................................4, 5

## Most Controlling Authorities

**Cases**

*Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*,
      867 F.3d 692 (6th Cir. 2017)

*Serrano v. Cintas Corp.*,
      699 F.3d 884 (6th Cir. 2012)

**Rules**

Fed. R. Civ. P. 26(c)

Fed. R. Civ. P. 37(b)

UWM's response confirms why Mr. Ishbia's deposition should proceed as twice ordered by this Court and UWM should be subject to sanctions or held in contempt.

## I.  Mr. Ishbia Should be Produced for the Deposition.

This Court has already determined that the deposition is appropriate after fully considering the arguments raised by UWM. Nothing warrants reconsideration.

**Mr. Ishbia has relevant knowledge.** Tellingly, UWM does not dispute that Mr. Ishbia has personal knowledge about the nature, structure, design, and implementation of the "All-In" Initiative and its punitive liquidated damages provision. Nor does UWM dispute that Mr. Ishbia was the primary, if not sole, decisionmaker. (That is because it cannot. In Mr. Ishbia's own words, the Initiative was adopted because "*I* can control *my* business model." Exh. 1 at 13-14.) UWM also does not—and cannot—deny that Mr. Ishbia has personal knowledge about the purported harm UWM claims it would suffer from a breach of the All-In Addendum, about which he has made public statements. *See id.* (discussing how Rocket Mortgage purportedly harms the wholesale channel).[1]

---

[1] These undisputed facts distinguish this case from UWM's authorities where the high-ranking official had *no* relevant knowledge. *See, e.g.*, *Fox v. Amazon*, No. 3:16-cv-3013, 2017 U.S. Dist. LEXIS 236519, at *5 (M.D. Tenn. Sep. 21, 2017) ("Mr. Bezos had no involvement in the hoverboard events."); *Elvis Presley Enters., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991) (deponent "had no knowledge"); *Mitchell v. Arnold*, 2023 WL 7711478, at *4 (W.D. Ky. Nov. 15, 2023) (deponent had "no personal knowledge of the events"); *Haydar v. Amazon Corp., LLC*, No. 19-2410, 2021 U.S. App. LEXIS 28182, at *22 (6th Cir. Sep. 16, 2021) (no "evidence that either [witness] had information relevant to . . . claim").

At most, UWM claims that Mr. Ishbia "would not have personal knowledge about particular brokers and their loan submissions" (although Mr. Ishbia has not provided a supporting declaration). Opp. 18.[2] That claim, even if true, is irrelevant. Mr. Ishbia *does* possess personal knowledge that is highly relevant to Atlantic Trust's defense that the liquidated damages provision is an unenforceable penalty. As UWM's own cases recognize, "Courts are to determine the enforceability of liquidated-damages provisions based on the circumstances existing at the time that the contract was executed, not at the time of the breach." *Hemlock Semiconductor Operations, LLC v. SolarWorld Indus. Sachsen GmbH*, 867 F.3d 692, 706 (6th Cir. 2017). And Mr. Ishbia is likely the person most knowledgeable about these circumstances.

For the same reasons, UWM's argument that the contract provision is "unambiguous" is a red herring. *See* Opp. 8, 12. Atlantic Trust's defense does not turn on the Court's interpretation of contractual language, ambiguous or not.

UWM's remaining attempts to relitigate this twice settled issue are unavailing.

**The Sixth Circuit has rejected the apex doctrine.** UWM's opposition proceeds on the false premise that Atlantic Trust bears a "heavy burden" to justify its request to depose Mr. Ishbia.  Opp. 1. In fact, UWM's opposition is riddled with citations to

---

[2] Atlantic Trust suggested that Mr. Ishbia's deposition be combined with depositions in related cases so he would only have to sit for deposition once. That proposal in no way demonstrates an "intention to question Mr. Ishbia about a variety of other cases, involving other brokers" absent agreement of the parties. *See* Opp. 17.

2

cases applying the apex doctrine, which the Sixth Circuit has expressly rejected. *See Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012).[3] Instead, the burden is on UWM to justify its request for a protective order, which it has not done. *Id*.

**Other discovery has proved unavailing.** Atlantic Trust has already deposed four out of the five witnesses identified by UWM in its initial disclosures, all of whom UWM now admits "lacked specific knowledge." Opp. 15. And UWM does not dispute that Ms. Deciantis (the fifth person disclosed by UWM), who was deposed in a related matter, could not provide any explanation as to the purpose or calculation of liquidated damages. *See* Mot. 14 n.7.[4]

Nothing suggests that Mr. Wolfe would be any different. UWM does not even address, much less refute, the legions of reasons why Mr. Wolfe would not be an adequate substitute for Mr. Ishbia's deposition. *See* Mot. 9. Instead, it merely represents Mr. Wolfe as the lawyer "responsible for drafting" the All-In Addendum and liquidated damages provision (Opp. 5), without representing that he had any

---

[3] *See, e.g.*, Opp. 10, 14, 16, 17 (citing *Overall v. Oakland Cnty.*, 2022 WL 351068 (E.D. Mich. Feb. 4, 2022) (applying apex doctrine to *public* official); *McCracken v. Ford Motor Co.*, 2009 WL 10700999 (E.D. Pa. Apr. 21, 2009); *Ceiva Logic, Inc. v. Amazon.com, Inc.*, 2021 WL 12349625 (C.D. Cal. Nov. 10, 2021)). UWM even misleadingly suggests that *Overall* and *Ceiva* are "controlling or most appropriate authorities," without informing the Court that they rest on the application of the apex doctrine rejected by the Sixth Circuit. Opp. ii.

[4] Atlantic Trust's extensive efforts to obtain this discovery readily distinguishes this case from *Lyngaas v. Solstice Bens., Inc.*, 2023 U.S. Dist. LEXIS 172928, at *12 (E.D. Mich. Sep. 27, 2023) (Opp. 10, 16), where plaintiff had not "attempted to gather information from other sources."

decision-making authority or knowledge about the reasoning for their adoption. Without an agreement waiving attorney-client privilege over his testimony, it is unlikely that Mr. Wolfe even has any relevant non-privileged information to impart.

If UWM truly believed that Mr. Wolfe has the information that Atlantic Trust needs, UWM should have disclosed him in its initial disclosures as required by Rule 26. Notably, UWM has already delayed the deposition for months because it supposedly "believed the testimony of witnesses who were directly involved in the matters at hand" might obviate the need for it. Opp. 24. Now it's forced to admit those witnesses lacked relevant knowledge. *Id.* at 15. Having already caused months' long delay, UWM cannot now impose additional costs and delay based on its vague and speculative claims that yet another witness might have relevant knowledge. [5]

**UWM failed to meet its burden to justify a protective order.** UWM's argument that Mr. Ishbia's "duties as CEO are demanding" is precisely the type of "stereotyped and conclusory statement[ ]" the Sixth Circuit has held insufficient to meet Rule 26(c)(1)'s requirements. *Serrano*, 699 F.3d at 901 (internal quotation marks and citation omitted). UWM needed to illustrate undue burden "with a particular and specific demonstration of fact." *Id.* (internal quotation marks and citation omitted). It utterly failed to do so. It stretches the bounds of credulity to

---

[5] Atlantic Trust has attempted to establish a mutually agreeable *comprehensive* deposition schedule. *See* ECF No. 37-6; ECF No. 38-2, PageID.1042.

assert that Mr. Ishbia's attendance at a 4-hour deposition—in Detroit where UWM is headquartered—would substantially interfere with his schedule, especially when UWM was afforded months to provide a convenient date.[6]

**UWM cannot unilaterally narrow the Court's order.**[7] UWM spills considerable ink claiming that Atlantic Trust's rejection of UWM's self-serving "compromises" somehow proves that Atlantic Trust has a bad motive. But Atlantic Trust did nothing more than insist that UWM comply with this Court's order. UWM's "compromises" all sought to circumvent that order by offering alternative witnesses (who lack relevant knowledge and are subject to attorney-client privilege) or to produce Mr. Ishbia for 2 hours (half the time ordered by the Court) by video only, on topics unilaterally selected by UWM, on a single date selected by UWM.[8]

## II.     UWM Should be Held in Contempt or Subject to Discovery Sanctions.

None of UWM's proffered excuses justify its dilatory behavior, which at a minimum warrant discovery sanctions. Fed. R. Civ. P. 37(b)(1) & (2)(A).[9]

First, UWM continues to mischaracterize the Court's orders as mere "guidance,"

---

[6] Mr. Ishbia found time to play in a celebrity basketball game in February. Exh. 20.
[7] This Court already considered and acknowledged UWM's position because it limited the deposition to 4 hours, as is it is authorized to do under Rule 26(c)(1)(B).
[8] The Court should order the deposition be scheduled on a *mutually* convenient date. There is also no reason for the deposition to be conducted by video only given that Mr. Ishbia resides in this District, where UWM is headquartered, and every other deposition conducted in this case has been in person.
[9] Payment of Atlantic Trust's expenses, including attorney's fees, is mandatory. Fed. R. Civ. P. 37(b)(2)(C).

which it apparently believes it was free to ignore. But Section F of this Court's Discovery Protocol is clear: "the Court will make itself available … in order to resolve any discovery disputes expeditiously and without the need for motion practice." That is precisely what the Court did. It *fully resolved* the dispute without authorizing further proceedings or briefing, which UWM did not request.[10] UWM cites to no law holding that it may simply disregard oral rulings of the Court. In any event, on March 25, 2026, this Court issued an order in writing. Exh. 15.

Second, the Court's orders were definite and specific. That requirement means that "the order must be 'clear and unambiguous.'" *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996) (citation omitted). The Court's orders were just that. The Court ordered UWM to produce Mr. Ishbia for a deposition lasting no more than four hours. Because the Court had already set a discovery deadline in this case, it did not need to set a separate deadline for this deposition to occur.

Third, UWM cannot credibly claim that it believed that other scheduled depositions would alleviate the need for it to seek a protective order. To the contrary, it admits that the other deponents "lacked specific knowledge" and "were not the right people to ask." Opp. 15. UWM had the ability to ascertain the scope of these witnesses' knowledge, all of whom work for UWM, and thus it either knew or should

---

[10] Atlantic Trust's counsel's request for a formal ruling from Judge Michelson does not render this Court's order any less binding.

6

have known that they were inadequate substitutes for Mr. Ishbia's deposition. Yet UWM unilaterally used their depositions as an excuse to impose months of delay and increased costs, without ever disclosing this supposedly "good faith" strategy to either the Court or Atlantic Trust. In fact, Atlantic Trust was forced to request dates more than half a dozen times before UWM even suggested that it would not produce Mr. Ishbia for deposition, strongly indicating that it hoped to run the discovery clock.

Fifth, UWM's contention that it did not violate the Orders because there was no deadline is nonsense. The Scheduling Order's discovery cut-off was March 31, 2026. ECF No. 29. UWM never indicated that it would not produce Mr. Ishbia nor that it intended to file a motion for a protective order until March 17, 2026. UWM then waited until March 26, 2026 to file its "Emergency" Motion for Reconsideration, ensuring that the motion would not even be briefed prior to the discovery deadline.

UWM's recalcitrant refusal to produce Mr. Ishbia for deposition despite two Court orders requiring it to do so has caused significant delay and unnecessary expense. The Court should award Atlantic Trust its attorney's fees and make clear that any further attempts to delay the deposition will result in the dismissal of UWM's claims (a warning that UWM does not dispute is appropriate here).

Respectfully submitted,

By: /s/ Jeffrey B. Morganroth
JEFFREY B. MORGANROTH (P41670)
JASON HIRSCH (P58034)
Attorneys for Atlantic Trust                    Dated: May 14, 2026

7

**<u>Certificate of Service</u>**

I hereby certify that on May 14, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel in this matter registered with the ECF system.

Respectfully Submitted,

MORGANROTH & MORGANROTH, PLLC

By: /s/ Jason R. Hirsch
JASON R. HIRSCH (P58034)
Morganroth & Morganroth, PLLC
Dated: May 14, 2026        Email: jhirsch@morganrothlaw.com

8